```
                                    UNITED STATES DISTRICT COURT
                                    SOUTHERN DISTRICT OF FLORIDA

                                    CASE NO. 09-14105-CIV-MARTINEZ
                                    MAGISTRATE JUDGE P. A. WHITE

JONATHAN LEE RICHES,                :

     Plaintiff,                     :

v.                                  :
                                            REPORT OF
MEN'S JOURNAL LLC, ET AL.,          :    MAGISTRATE JUDGE

     Defendant.                     :
_____
```

On April 7, 2009 the plaintiff Jonathan Lee Riches, presently an inmate at the Federal Medical Center in Lexington, South Carolina, filed a pleading that the Clerk's Office docketed as a pro se civil rights complaint. Parties instituting any non-habeas civil actions are required to pay a filing fee of $350.00. 28 U.S.C. §1914(a). Because the plaintiff has failed to pay the required filing fee, the Court assumes that he wishes to proceed in forma pauperis in this action.

Under the "three strikes" provision of the Prison Litigation Reform Act ("PLRA"), a prisoner is generally precluded from proceeding in forma pauperis if at least three prior lawsuits or appeals by the prisoner were dismissed as frivolous, malicious or failing to state a claim upon which relief may be granted. 28 U.S.C. §1915(g). Dismissal without prejudice for failure to exhaust administrative remedies and dismissal for abuse of judicial process are also properly counted as strikes. See Rivera v. Allin, 144 F.3d 719 (11 Cir. 1998). Section 1915(g) provides an exception to the three strikes rule, under which an inmate may proceed in forma pauperis if he alleges he is in "imminent danger of serious physical injury." The prisoner must allege a present imminent danger, as opposed to a past danger, to proceed under Section

1915(g)'s imminent danger exception.  Medberry v. Butler, 185 F.3d 1189, 1193 (11 Cir. 1999).

The Eleventh Circuit has upheld the constitutionality of Section 1915(g) in concluding that Section 1915(g) does not violate an inmate's right of access to the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Rivera, 144 F.3d at 721-27. The Eleventh Circuit has additionally held that pre-PLRA dismissals count as strikes under Section 1915(g). Id. at 730.

A review of federal court records on the U.S. District Web PACER Docket Report reveals that the plaintiff has filed hundreds of frivolous cases in federal courts while incarcerated. Of those cases, at least twenty were dismissed as frivolous, malicious, or for failing to state a claim upon which relief could be granted. The plaintiff's strikes in this Court include: Riches v. Doe, 1:07-cv-20042 (S.D. Fla. Jan. 24, 2007); Riches v. NASA, 2:07-cv-14308 (S.D. Fla. Nov. 14, 2007); and Riches v. Warren, 0:09-cv-60226 (S.D. Fla. Apr. 2, 2009).  Other strikes, include, but are not limited to: Riches v. Bureau of Prisons, 6:06-cv-194 (D.S.C. Mar. 20, 2006); Riches v. Bush, 4:06-cv-442 (D.S.C. Mar. 22, 2006); Riches v. Guantanamo Bay, 2:07-cv-13041 (E.D. Mich. Aug, 8, 2007); Riches v. Swartz, 7:07-cv-379 (W.D. Va. Aug. 13, 2007); Riches v. James, 1:07-cv-2486 (N.D. Oh. Aug. 23, 2007); Riches v. Bonds, 3:07-cv-375 (N.D. Ind. Aug. 16, 2007); Riches v. Pelosi, 3:07-cv-3695 (N.D. Ca. Aug. 30, 2007); Riches v. Schiavo, 8:07-cv-1644 (M.D. Fla. Sept. 18, 2007); Riches v. Snipes, 5:07cv-376 (M.D. Fla. Sept. 24, 2007); Riches v. Simpson, 6:07-cv-1504 (M.D. Fla. Sept. 24, 2007); Riches v. Shiavo, 8:07-cv-1730 (M.D. Fla. Sept. 27, 2007); Riches v. Wal-Mart Stores Inc., 4:07-cv-780 (E.D. Ark. Oct. 2, 2007); Riches v. Peterson, 3:07-cv-4539 (N.D. Ca. Oct. 3, 2007); Riches v. Craig, 1:07-cv-538

(D. Del. Oct. 5, 2007); <u>Riches v. Brady</u>, 8:07-cv-2666 (D. Md. Oct. 9, 2007); <u>Riches v. Noriega</u>, 2:07-cv-619 (M.D. Fla. Oct. 17, 2007); and <u>Riches v. Trump</u>, 3:07-cv-478 (D. Nev. Oct. 17, 2007).

At least one federal court has issued a permanent injunction prohibiting Riches from attempting to file any new lawsuit without first obtaining leave of court. <u>See</u> Order of the Honorable Willis B. Hunt, Jr., Northern District of Georgia, entered in nearly 300 cases filed by Riches, dated March 25, 2008. (<u>E.g.</u> 1:08-CV-0498-WBH).

The plaintiff Riches has vastly exceeded the three "strikes" allowed by the PLRA to a prisoner attempting to proceed <u>in forma pauperis</u> in a federal civil lawsuit. As such, the plaintiff cannot proceed <u>in forma pauperis</u> in the instant case unless he can show that he qualifies for the "imminent danger of serious physical injury" exception of Section 1915(g). The Complaint contains no indication whatsoever that the plaintiff is "under imminent danger of serious physical injury." In fact, the Complaint is another in the series of unquestionably frivolous civil actions the plaintiff has filed in federal courts across the nation.

As the statute provides that the filing fee must be paid at the time the suit is initiated, and only precludes the plaintiff from proceeding <u>in forma pauperis</u>, it is recommended that the case be dismissed without prejudice to the plaintiff to file a new complaint accompanied by payment of the full filing fee. <u>See</u> <u>Dupree v. Palmer</u>, 284 F.3d 1234, 1236 (11 Cir. 2002).

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 20th day of July, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Jonathan Lee Riches, Pro Se
      No. 40948018
      FMC Lexington
      P.O. Box 14500
      Lexington, KY 40512